UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABRAE SAWYERS, | ) |
| *Plaintiff*, | ) Case No. 1:25-cv-01673 |
| v. | ) Judge Sharon Johnson Coleman |
| GURNEE POLICE DEPARTMENT, | ) |
| *Defendant*. | ) |

**ORDER**

Plaintiff Abrae Sawyer brings his amended complaint pursuant to 42 U.S.C. § 1983 alleging that he was wrongfully arrested and detained by Defendant Gurnee Police Department on charges of domestic abuse. Before the Court is Defendant's motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, the Court grants Defendant's motion.

**Background**

On January 7, 2023, Plaintiff and a former female friend were staying at a hotel when his friend called the police claiming that Plaintiff had hit her. Plaintiff was across the street at a store when the police arrived and therefore was not present when the police knocked on his door investigating the incident. Plaintiff spent the night in his room at the hotel and checked out the next day to return to the home address he had on file with the Lake County Probation Office. On January 17, 2023, Plaintiff was arrested pursuant to a warrant when he arrived at the probation office for a meeting with his probation officer. Plaintiff states that he spent approximately one and a half years in pretrial detention at the Lake County jail on this domestic abuse charge.

1

Plaintiff filed his complaint in Lake County Circuit Court on December 30, 2024, which he subsequently amended for a third time on January 15, 2025. In his complaint, Plaintiff alleges two violations of his Fourth Amendment rights: false arrest because the officers lacked probable cause when they arrested him and malicious prosecution for his subsequent detainment without probable cause. Plaintiff also alleges that he suffered violation of his Eighth Amendment rights while detained in the Lake County jail. Pursuant to 42 U.S.C. § 1983, Plaintiff seeks damages for the pain and suffering he endured due to his arrest, including lost wages, emotional distress, physical harm, damage to reputation, and cruel and unusual punishment.

Plaintiff's case was removed to this Court on February 18, 2025. Defendant subsequently filed a motion to dismiss Plaintiff's complaint with prejudice on February 27, 2025, alleging that Plaintiff failed to properly plead his § 1983 claims. The Court now turns to Defendant's motion.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 1295, 179 L. Ed. 2d 233 (2011). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 167 L. Ed. 2d 1081 (2007) (per curiam). While a plaintiff need not plead "detailed factual allegations" to survive a motion to dismiss, she still must provide more than mere "labels and conclusions or a

2

formulaic recitation of the elements of a cause of action" for her complaint to be considered adequate. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

**Discussion**

As argued by Defendant in its motion, Plaintiff's complaint fails to properly plead a claim under § 1983. Section § 1983 provides a cause of action against any person who, acting under the color of law, subjects or causes another to subject the plaintiff to the deprivation of a federally protected right. *See also Monroe v. Pape*, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961) (explaining the history of § 1983). As evident by the text of the statute, a § 1983 claim can only be brought against a person; a plaintiff cannot hold a municipality or municipal entity vicariously liable for an employee's misconduct. *Flores v. City of S. Bend*, 997 F.3d 725, 731 (7th Cir. 2021) ("Municipalities do not face *respondeat superior* liability under section 1983 for the misdeeds of employees or other agents. Only actions of the entity will suffice."). A municipality or municipal entity—such as a police department—can be liable under § 1983 only if it had an actual or de facto policy or custom that caused the alleged constitutional violation. *Id.* (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38, 56 L. Ed. 2d 611 (1978)).

Here, Plaintiff brings his Fourth Amendment claims not against an individual officer or officers but against the Gurnee Police Department as an entity. But in doing so, Plaintiff does not allege any policy or custom that led to his alleged false arrest and malicious prosecution. And while Plaintiff alleges that he suffered violation of his Eighth Amendment rights during his detention at the Lake County jail, he has not joined the Lake County jail as a party to this suit. Not only does this claim run into the same *Monell* issue as those against Defendant, the Gurnee Police Department also cannot be held responsible for the actions of an unrelated municipal entity. As such, Plaintiff's Fourth Amendment and Eighth Amendment claims must be dismissed for failure to state a claim.

**Conclusion**

Because Plaintiff's amended complaint fails to properly plead his Fourth Amendment and Eighth Amendment claims against Defendant as required by 42 U.S.C. § 1983, the Court grants Defendant's motion to dismiss the complaint [9]. The Court grants Plaintiff leave to file an amended complaint within 30 days of this Order if he reasonably believes that he can correct the deficiencies described in this Order. If Plaintiff fails to file an amended complaint within 30 days of this Order, the Court will dismiss his complaint with prejudice. Plaintiff is referred to make an appointment with the Hibbler Pro Se Help Desk for assistance complying with the Court's order.

**IT IS SO ORDERED.**

Date: 4/14/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge